**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| RICKY J. SHUGART, #1917471 | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:16cv73 |
| | § | |
| DONNIE FOSTER, et al. | § | |

## ORDER OF DISMISSAL

This civil action was referred to United States Magistrate Judge Christine A. Nowak, who issued a Report and Recommendation concluding that the complaint should be dismissed with prejudice because it is time-barred. Plaintiff filed objections.

In his objections, Plaintiff first complains that the date on which he filed his complaint with the Texarkana Division should be the date of filing – December 28, 2015. A review of the record shows that Plaintiff's complaint was received in Texarkana on January 19, 2016, and in Sherman on January 22, 2016. However, the Court used neither of those dates. As is proper, the Court considered Plaintiff's complaint filed the date he stated that he placed it in the prison mail system, or the earliest date possible considering the information given to the Court. In this case, Plaintiff's letter accompanying his complaint, as well as the complaint itself, is dated January 9, 2016. Thus, the Court appropriately deemed Plaintiff's complaint filed that date. The Court notes, however, that even if it used Plaintiff's date of December 28, 2015, it would make no difference to the outcome of the case.

Plaintiff also challenges the date that he knew or should have known about the injuries for which he brings suit. Ordinarily, a cause of action under section 1983 accrues when the plaintiff

1

"knows or has reason to know of the injury [that] is the basis of the action." *Jackson v. Johnson*, 950 F.2d 263, 265 (5th Cir. 1992). On September 5, 2013, Plaintiff was arrested and charged with possession of marijuana and marijuana plants. He states that he remained in jail until October 8, 2013. He asserts that the date of the arrest, search, and seizure – September 5, 2013 – is not the date that should be used for limitations purposes. However, his complaints concern the alleged illegal search, seizure, and destruction of his property that took place on September 5, 2013. He makes a vague and conclusory statement in his objections that the date of accrual for the limitations should be when a municipal court may have ordered the property forfeited or returned - "and this would not have likely occurred prior to 12-28-13." However, he concedes that no such order was issued. Federal courts do not "consider a habeas petitioner's bald assertions on a critical issue in his *pro se* petition . . . mere conclusory allegations do not raise a constitutional issue in a habeas proceeding." *Smallwood v. Johnson*, 73 F.3d 1343, 1351 (5th Cir. 1996) (quoting *Ross v. Estelle*, 694 F.2d 1008, 1011-12 (5th Cir. 1983)). Vague and conclusory claims are insufficient to entitle a habeas corpus petitioner to relief. *United States v. Woods*, 870 F.2d 285, 288 (5th Cir. 1989); *Schlang v. Heard*, 691 F.2d 796, 799 (5th Cir. 1982).

Plaintiff next states that officers told him that they were at his property on information from an eye-witness informant and that the illicit plants had been detected by aerial surveillance and had been photographed. Plaintiff claims that he only became aware some two years later that plain-view of the drugs was "impossible." He states that this is the date he was reading through the plea hearing transcripts, and first received notice of the issue – September 14, 2015. However, Plaintiff was placed on notice of this information on the date of his arrest and search.

Plaintiff also asserts that he would not have known that he had a cause of action concerning

2

his destroyed greenhouse until several months after posting bond. Plaintiff states that he posted bond from jail on October 8, 2013. He complains that the violation of due process to his destroyed greenhouse would not be immediately apparent. Even if the Court assumed that Plaintiff was unaware of any damage on the date he was arrested, he would certainly be aware of such damage on the date he returned to his home after posting bond – October 8, 2013. Thus, Plaintiff's complaint is still time-barred since he did not file his complaint by October 8, 2015.

Finally, Plaintiff asserts that his cause of action would not have been known until he found the appropriate law upon which to base a claim. This is erroneous as well. It is clear that a civil rights cause of action accrues when the plaintiff knows or has reason to know of the injury. *Jackson*, 950 F.2d at 265. If Plaintiff did not know on the day of his arrest, he would have known on the date he posted bond from jail and returned home. Using the latest date Plaintiff provided that is proper to be applied in this situation – October 8, 2013 – Plaintiff's complaint must have been filed no later than October 8, 2015. He did not file it until January 9, 2016 – three months beyond the limitations period.

A federal court applying a state statute of limitations should give effect to the state's tolling provisions as well. *See Hardin v. Straub*, 490 U.S. 536, 541-44 (1989). However, while a court may equitably toll the AEDPA limitations period, a petitioner is not entitled to equitable tolling unless he shows that he has been pursuing his rights diligently and that some extraordinary circumstance stood in his way and prevented timely filing. *Holland v. Florida*, 560 U.S. 631, 645 (2010). The Fifth Circuit has held that the district court has the power to equitably toll the limitations period in "extraordinary circumstances." *Cantu-Tzin v. Johnson*, 162 F.3d 295, 299 (5th Cir.1998). In order to qualify for such equitable tolling, the movant must present "rare and exceptional circumstances."

*Davis v. Johnson*, 158 F.3d 806, 810-11 (5th Cir.1998). In making this determination, it should be noted that the Fifth Circuit has expressly held that proceeding *pro se,* illiteracy, deafness, lack of legal training, unfamiliarity with the legal process, and claims of actual innocence are insufficient reasons to equitably toll the statute of limitations. *Felder v. Johnson*, 204 F.3d 168, 173 (5th Cir.2000). Additionally, Texas courts have held that, as a general rule, where a person is prevented from exercising his legal remedy by the pendency of legal proceedings, the time during which he is thus prevented should not be counted against him in determining whether limitations have barred his right. *Jackson*, 950 F.2d at 265. Plaintiff has not shown that he was prevented from exercising his legal remedies. His claim that he did not find the law that would provide relief in his case until some two years later is insufficient to equitably toll the limitations period. *Id*. Plaintiff is not entitled to equitable tolling.

In conclusion, the Report of the Magistrate Judge, which contains proposed findings of fact and recommendations for the disposition of such action, has been presented for consideration. Having made a *de novo* review of the objections raised by Plaintiff to the Report, the Court concludes that the findings and conclusions of the Magistrate Judge are correct[1], and adopts the same as the findings and conclusions of the Court. It is accordingly

---

[1] Even if the Court was persuaded that Plaintiff could not have known or did not know that he had a cause of action concerning the destruction of his greenhouse until he met bail and returned to his home, the relevant date is October 8, 2013, with a limitations deadline of October 8, 2015. Accordingly, the complaint remains untimely filed in all respects.

**ORDERED** that the complaint is **DISMISSED** with prejudice.  All motions by either party not previously ruled on are hereby **DENIED**.

**SIGNED this 2nd day of December, 2016.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE